IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case No.: 7:21-cv-00169-D

| | |
|---|---|
| JANE DOE, JILL DOE, by her parents and next friends, JOHN DOE and wife, SALLY DOE, and JANE ROE,<br><br>Plaintiffs,<br><br>v.<br><br>CAPE FEAR ACADEMY, INC.,<br><br>Defendant. | Memorandum in Support of Defendant's Fed. R. Civ. P. 41(b) Motion to Dismiss for Failure to Comply with Fed. R. Civ. P. 10(a) |

Pursuant to Local Civil Rules 7.1(e) and 7.2(a), Defendant Cape Fear Academy, Inc. ("Cape Fear") respectfully submits this memorandum in support of its Fed. R. Civ. P. 41(b) Motion to Dismiss for Failure to Comply with Fed. R. Civ. P. 10(a).

Background

On October 6, 2021, Plaintiffs filed a complaint alleging Cape Fear violated federal and state law. (Dkt. 1). Instead of using their real names, Plaintiffs filed the complaint using pseudonyms. Plaintiffs did not seek the Court's permission to proceed pseudonymously. They simply declared in the complaint that they are using pseudonyms "[f]or privacy purposes." (Dkt. 1, at ¶ 5). The decision to proceed pseudonymously is not Plaintiffs' to make. It is the Court's.

As explained below, Plaintiffs' action violated Rule 10(a) of the Federal Rules of Civil Procedure. Because Plaintiffs have failed to comply with the Federal Rules, dismissal without prejudice is warranted under Rule 41(b). *See* Fed. R. Civ. P. 41(b)

(stating that "[i]f the plaintiff fails to…comply with these rules…a defendant may move to dismiss the action"). Alternatively, the Court should order Plaintiffs to file an amended complaint that complies with Rule 10(a) by stating their names.

## Discussion

"It is a general rule that a complaint *must* state the names of the parties." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005). That general rule is codified in Rule 10(a), which requires that a plaintiff "name all the parties" in the complaint. Fed. R. Civ. P. 10(a). This is not a mundane technicality. Rather, it "embodies the presumption, firmly rooted in American law, of openness in judicial proceedings." *Doe v. Merten*, 219 F.R.D. 387, 390 (E.D. Va. 2004). And it reflects the principle that the "people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997).

Although the Federal Rules do not contemplate pseudonymous litigation, *United States ex rel. Little v. Triumph Gear Sys., Inc.*, 870 F.3d 1242, 1249 (10th Cir. 2017), in "extraordinary circumstances" the courts have allowed a plaintiff to proceed in such a manner. *B.R. v. F.C.S.B. et al.*, 17 F.4th 485, 2021 WL 5066110, at * 6 (4th Cir. 2021). If a plaintiff is able to proceed under a pseudonym at all, she may not do so without first obtaining "leave of court." 6 Daniel R. Coquillette, et al., Moore's Federal Practice § 10.02[2][c][iv] (3d. 2021) ("A party may proceed under a fictitious name only with leave of court."); *see also Triumph Gear Sys., Inc.*, 870 F.3d at 1249-50 (stating that a plaintiff wishing to use a pseudonym "must make a request to the district court") (cleaned up); *Richard S. v. Sebelius*, No. 3:12-007-TMC, 2012 WL

1909344, at *1 (D.S.C. May 25, 2012) ("The court does not condone the filing of an action anonymously without permission."); *but see Doe v. UNUM Life Ins. Co.*, 164 F. Supp. 3d 1140, 1144 (N.D. Cal. 2016) (allowing a plaintiff to proceed anonymously without first seeking leave of court). When requesting leave of court, a plaintiff bears the burden of establishing "a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Pittsylvania Cnty*, 844 F. Supp. 2d 724, 737 (W.D. Va. 2012) (cleaned up).

In several circuits, a plaintiff's failure to seek judicial permission to file a pseudonymous complaint will lead to dismissal for lack of subject matter jurisdiction. *See, e.g., Citizens for Strong Ohio*, 123 F. App'x at 636-37 ("Failure to seek permission to proceed under a pseudonym is fatal to an anonymous plaintiff's case, because…the federal courts lack jurisdiction over the unnamed parties, as a case has not been commenced with respect to them."); *see also Nat'l Commodity & Barter Ass'n v. Gibbs*, 886 F.2d 1240, 1245 (10th Cir. 1989) (same). The Fourth Circuit, however, recently created a circuit split by rejecting the argument that "a plaintiff's failure to disclose her name to the court at the outset of the litigation denies the court the *power* to resolve the dispute." *See B.R.*, 2021 WL 5066110, at *6. Thus, the *B.R.* court affirmed the district court's denial of the defendant's Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. *Id.* at *1-*2. In deciding the subject matter jurisdiction issue, the Fourth Circuit reiterated that a party should receive the district court's permission to proceed pseudonymously, even though failing to do so does not deprive

the district court of jurisdiction. *Id.* at *6 (explaining that a district court has an "independent obligation" to determine whether a party may proceed pseudonymously) (cleaned up); *see also James v. Jacobson*, 6 F.3d. 233, 238 (4th Cir. 1993) (stating that the district court has "a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation [of using a pseudonym] is warranted"). A district court should only grant "such a request" in "extraordinary circumstances" where the "party's stated interest in anonymity" outweighs "the public's interest in openness and any prejudice that anonymity would pose to the opposing party." *B.R.*, 2021 WL 5066110, at *6.

Turning to the current case, Plaintiffs filed the complaint pseudonymously. It was not accompanied by a motion seeking the Court's permission to dispense with the pleading requirements set forth in Rule 10(a). Nor has such a motion, or a motion to amend the complaint, been filed in the weeks since. By filing a pseudonymous complaint without permission, Plaintiffs have violated Rule 10(a). Although Rule 10(a) does not contain a stand-alone mechanism for enforcement, Rule 41(b) authorizes a defendant to seek dismissal when "the plaintiff fails…to comply with these rules." Fed. R. Civ. P. 41(b). And Rule 41(b) has been recognized as an appropriate vehicle for seeking dismissal when a plaintiff fails to comply with Rule 10(a). *See, e.g.*, *Lopez v. Sromovsky*, No. 17-2183, 2019 WL 1003638, at *2 n. 5 (E.D. Pa. 2019) (recognizing that Rule 41(b) can be used to enforce Rule 10(a)'s requirements).

4
Case 7:21-cv-00169-D   Document 19   Filed 12/03/21   Page 4 of 7
4879-3624-7556, v. 1

Plaintiffs' violation of Rule 10(a) warrants dismissal without prejudice. If the Court determines that dismissal is unwarranted, then it should order Plaintiffs to file an amended complaint that lists their names as required by Rule 10(a). *See generally Qualls v. Rumsfeld*, 228 F.R.D. 8, 13 (D.D.C. 2005) (ordering "plaintiffs to file an amended complaint complying with Federal Rule 10(a)").

## Conclusion

For the reasons stated above, the Court should dismiss Plaintiffs' complaint without prejudice under Rule 41(b) for noncompliance with Rule 10(a). Alternatively, the Court should order Plaintiffs to file an amended complaint that states their names.[1]

Pursuant to Local Civil Rule 7.2(f)(2), the undersigned certifies that this memorandum in support complies with the applicable word limit. According to Microsoft Word, the memorandum in support contains 1,478 words.

---

[1] The Federal Rules would permit the one minor plaintiff to be identified by her initials. *See* Fed. R. Civ. P. 5.2(a)(3). If the Court declines to dismiss the complaint, then the Court should order Plaintiffs to amend their complaint not only to properly identify themselves, but to clear up confusion created by Plaintiffs' use of pseudonyms. At various times, the complaint mixes up the pseudonyms. For example, on pages 34 through 38 Plaintiff refers to a "Jill Roe." (Dkt. 1 at 34-38). The caption of the complaint, however, does not list a "Jill Roe" as a Plaintiff. Rather, it lists a "Jane Doe," a "Jill Doe," and a "Jane Roe." (*Id.* at 1).

This, the 3rd day of December, 2021.

                Respectfully submitted,

                CRANFILL SUMNER LLP

                /s/ Patrick M. Mincey
                PATRICK M. MINCEY
                N.C. Bar No. 38372
                ZACHARY C. BOLITHO
                N.C. Bar No. 51808
                STEPHEN J. BELL
                N.C. Bar No. 44211
                101 N. 3rd Street, Suite 400
                Wilmington, NC 28401
                Telephone: (910) 777-6000
                Facsimile: (910) 777-6111
                E-mail: pmincey@cshlaw.com
                            zbolitho@cshlaw.com
                            sbell@cshlaw.com
                *Counsel for Defendant*

4879-3624-7556, v. 1

Certificate of Service

I hereby certify that I electronically filed the foregoing Memorandum in Support with the Clerk of Court using the CM/ECF system, which will send notifications to each said party addressed as follows:

Gary K. Shipman
Kevin L. Littlejohn, II
Shipman & Wright, L.L.P.
575 Military Cutoff Road, Suite 106
Wilmington, NC 28405
gshipman@shipmanlaw.com
klittlejohn@shipmanlaw.com
*Counsel for Plaintiffs*

This, the 3rd day of December, 2021.

CRANFILL SUMNER LLP

/s/ Patrick M. Mincey
PATRICK M. MINCEY
N.C. Bar No. 38372
ZACHARY C. BOLITHO
N.C. Bar No. 51808
STEPHEN J. BELL
N.C. Bar No. 44211
101 N. 3rd Street, Suite 400
Wilmington, NC 28401
Telephone: (910) 777-6000
Facsimile: (910) 777-6111
E-mail:  pmincey@cshlaw.com
           zbolitho@cshlaw.com
           sbell@cshlaw.com
*Counsel for Defendant*