IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:21-CV-000169-D

ELIZABETH KARANIK, and
CHARLOTTE KARANIK, by and through
her parents and next friends, JOHN
KARANIK and wife, KIMBERLY
KARANIK,

    Plaintiffs,

v.

CAPE FEAR ACADEMY, INC.,

    Defendant.

## ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION

WHEREAS, Plaintiffs Elizabeth Karanik and Charlotte Karanik, by and through her parents and next friends, John Karanik and wife Kimberly Karanik ("Plaintiffs") and Defendant Cape Fear Academy, Inc. ("Defendant") (collectively the "Parties" and each a "Party") may engage in discovery proceedings for the above-captioned action (the "Litigation"), which include, among other things, taking depositions and producing documents; and

WHEREAS, those discovery proceedings will necessarily involve the production of certain information that the Parties believe to be confidential and sensitive personal, financial, or business information;

1

IT IS HEREBY STIPULATED AND AGREED, by the Parties hereto, through their undersigned counsel, subject to the approval of the Court and pursuant to Federal Rule of Civil Procedure 26(c), that this Stipulation and Order for the Production and Exchange of Confidential Information (the "Stipulation") will govern the handling of documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests to admit, and responses to requests for documents, and any other information or material produced, given or exchanged, including any information contained therein or derived therefrom ("Discovery Material") by or among any Party or non-Party providing Discovery Material (each a "Producing Party") in this Litigation.

1. Any Producing Party may designate any Discovery Material as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" under the terms of this Stipulation if such party in good faith believes that such Discovery Material contains non-public, confidential, proprietary, or personally sensitive information that requires the protections provided in this Stipulation and Order ("Confidential Discovery Material"). The "ATTORNEYS' EYES ONLY" designation shall only be affixed to confidential medical records, including but not limited to psychiatrist and counselor notes pertaining to mental health care.

2. The designation of Discovery Material as Confidential Discovery Material or Attorneys Eyes' Only Material shall be made in the following manner:

   A. In the case of documents or other materials (apart from depositions or other pre-trial testimony): (i) by affixing the legend "Confidential" or

2

"Attorneys' Eyes Only" to each page containing any Confidential Discovery Material; or (ii) in the case of electronically stored information produced in native format, by including "Confidential" or "Attorneys' Eyes Only" on a cover sheet to the native file, in the file or directory name, or by affixing the legend "Confidential" or "Attorneys' Eyes Only" to the media containing the Discovery Material (*e.g.*, CD-ROM, floppy disk, DVD).

B.  In the case of depositions or other pre-trial testimony: (i) by a statement on the record, by counsel, at the time of such disclosure or before the conclusion of the deposition or testimony; or (ii) by written notice, sent to all Parties within 10 business days of the deposition or other pre-trial testimony; provided that only those portions of the transcript designated as Confidential Discovery Material shall be deemed Confidential Discovery Material. The Parties may modify this procedure for any particular deposition or other pre-trial testimony, through agreement on the record at such deposition or testimony, without further order of the Court.

C.  In the case of any other Discovery Material, by written notice that the Discovery Material constitutes Confidential Discovery Material.

3.  The designation of Discovery Material as Confidential Discovery Material shall constitute a representation that such Discovery Material has been reviewed by an attorney representing the Producing Party making the designation, and that there is a good faith basis for such designation.

4.  Inadvertent failure to designate Discovery Material as Confidential Discovery Material shall not constitute a waiver of such claim and may be corrected. A Producing Party may designate as Confidential any Discovery Material that has already been produced, including Discovery Material that the Producing Party inadvertently failed to designate as Confidential, (i) by notifying in writing the Party to whom the production has been made that the Discovery Material constitutes Confidential Discovery Material, or (ii) in a manner consistent with Paragraph 2. Upon receiving such supplemental notice, the Parties shall thereafter mark and treat the Discovery Material

3

so designated as Confidential Discovery Material, and such Discovery Material shall be fully subject to this Stipulation from the date of such supplemental notice forward. The Party receiving such notice shall make a reasonable, good-faith effort to ensure that any analyses, memoranda, notes, or other such materials generated based upon such newly designated information are immediately treated as containing Confidential Discovery Material. In addition, upon receiving such supplemental written notice, any receiving Party that disclosed the Discovery Material prior to its designation as "Confidential" or "Attorneys' Eyes Only" shall exercise its best efforts (i) to ensure the return or destruction of such Discovery Material, (ii) to ensure that any documents or other materials derived from such Discovery Material are treated as if the Discovery Material had been designated as "Confidential" or "Attorneys' Eyes Only" when originally produced, (iii) to ensure that such Discovery Material is not further disclosed except in accordance with the terms of this Stipulation and Order, and (iv) to ensure that any such Discovery Material, and any information derived therefrom, is used solely for the purposes described in Paragraph 8 of this Stipulation and Order.

5. Confidential documents may be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part only to the following persons:

    A. The Parties and the directors, board members, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation;

4

B.  Counsel who represent the Parties to this Stipulation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation.

C.  Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation;

D.  Subject to Paragraph 9, witnesses or deponents, and their counsel, only to the extent necessary to conduct or prepare for depositions or testimony in this Litigation;

E.  Any person indicated on the face of a document or accompanying covering letter, email, or other communication to be the author, addressee, or an actual or intended recipient of the document, or, in the case of meeting minutes, an attendee of the meeting, or a person who admits to having firsthand knowledge of the contents of the document or whose knowledge of the contents of the document is admitted by the producing party;

F.  The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom; and

G.  Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

6.  "Attorneys' Eyes Only" Material may be disclosed or made available in whole or in part only to the following persons:

A.  Counsel who represent the Parties to this Stipulation (including in-house counsel), and the partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such counsel (including outside copying and litigation support services) who are assisting with the Litigation for use in accordance with this Stipulation.

B.  Insurance company representatives who are assisting with the Litigation for use in accordance with this Stipulation.

C.  Upon written agreement of the parties on a document by document basis the Parties and the directors, officers, employees, general partners, and limited partners of the Parties, or any subsidiary or affiliate thereof, who are assisting with or making decisions concerning the Litigation, to the extent deemed reasonably necessary by counsel of record for the purpose of assisting in the prosecution or defense of the Litigation for use in accordance with this Stipulation.

D.  The Court, persons employed by the Court, and court reporters transcribing any hearing, trial, or deposition in this Litigation or any appeal therefrom;

E.  Subject to Paragraph 8, experts or consultants assisting counsel for the Parties, and partners, associates, paralegals, secretaries, clerical, regular and temporary employees, and service vendors of such experts or consultants (including outside copying services and outside support services) who are assisting with the Litigation; and

F.  Any other person only upon (i) order of the Court entered upon notice to the Parties, or (ii) written stipulation of, or statement on the record by, the Producing Party who provided the Discovery Material being disclosed, provided that such person signs an undertaking in the form attached as Exhibit A hereto.

7.  To the extent that testimony is sought concerning Confidential Discovery Material during any deposition or in any other pre-trial venue, any Party may exclude any person from the deposition or other venue during such testimony if the Confidential Discovery Material may not be disclosed to such person under the terms of this Stipulation.

8.  Notwithstanding Paragraph 5(C) and 6 above, Confidential Discovery Material may be provided to persons listed therein only to the extent necessary for such expert or consultant to prepare a written opinion, to prepare to testify, or to assist counsel

6

in this Litigation, and prior to the disclosure of any Discovery Material to any expert or consultant, each expert or consultant must agree to be bound by the terms of this Stipulation by signing an undertaking in the form of attached Exhibit A hereto. Counsel for the Party showing, providing, or disclosing Confidential Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

9. Notwithstanding Paragraph 5(D), Confidential Discovery Material may be provided to persons listed therein only after (i) they confirm their understanding and agreement to abide by the terms of this Stipulation by making such a statement on the record, and/or by signing an undertaking in the form attached as Exhibit A hereto, or (ii) a court of competent jurisdiction orders them to abide by the terms of the Stipulation. Counsel for the Party showing Confidential Discovery Material to any person required to execute an undertaking pursuant to this paragraph shall be responsible for obtaining such signed undertaking and retaining the original, executed copy thereof.

10. Discovery Material shall be used solely for purposes of this Litigation and shall not be used for any other purpose, including, without limitation, any business or commercial purpose, or any other litigation or proceeding; provided, however, that the foregoing shall not apply to Discovery Material that is or becomes part of the public record.

11. Every person to whom Discovery Material is disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in

part, shall be advised that the information is being disclosed pursuant and subject to the terms of this Stipulation and may not be disclosed or used for purposes other than those permitted hereunder. Each such person shall maintain the Discovery Material, or information derived therefrom, in a manner reasonably calculated to prevent unauthorized disclosure. Any Party issuing a subpoena to a non-Party shall enclose a copy of this Stipulation and notify the non-Party that the protections of this Stipulation are available to such non-Party.

12. During the pendency of this Litigation, any Party objecting to the designation of any Discovery Material or testimony as Confidential Discovery Material may, after making a good-faith effort to resolve any such objection, move on reasonable notice for an order vacating the designation. While such an application is pending, the Discovery Material or testimony in question shall be treated as Confidential Discovery Material pursuant to this Stipulation. The provisions of this Stipulation are not intended to shift any burdens of proof, including the burden of establishing that any Discovery Material validly constitutes Confidential Discovery Material, which burden remains on the party that designates such Discovery Material or testimony as Confidential or Highly Confidential.

13. The Parties reserve the right to apply, pursuant to Rule 26(c), upon short notice, for an order seeking additional safeguards with respect to the use and handling of Discovery Material or to modify the terms of this Stipulation. This includes but is in no way limited to, seeking an additional protective order, pursuant to Rule 26(c), prior to the disclosure or production of certain third-party proprietary, confidential, or otherwise

commercially sensitive information, or information for which a Party is obligated under contract not to disclose.

14. Subject to Paragraph 16, if a non-Producing Party intends to file with the Court any Confidential Discovery Material produced by a Producing Party, that non-Producing Party must follow the procedures for "Sealed Documents" outlined in this Court's Local Rule 79.2. The non-Producing Party may rely solely upon the terms of this Stipulated Order and the Producing Party's designation of Confidential Discovery Material as grounds for moving to file a document under seal. Should the Producing Party have grounds over and above this Stipulated Order and the Producing Party's designation of Confidential Discovery Material for seeking protection of a document under seal, the burden lies <u>exclusively</u> with the Producing Party to assert such grounds as a joinder or supplement to any papers filed by the non-Producing Party pursuant to this Court's Local Rule 79.2. Each time a party seeks to file under seal confidential documents, things, and/or information, said party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in

addition to the motion and supporting memorandum, said party must set out such findings in a proposed order to seal for the court.

15. Entering into this Stipulation, or agreeing to and/or producing or receiving Discovery Material or otherwise complying with the terms of this Stipulation, shall not:

    A.    Prejudice in any way the rights of any Party to (i) seek production of documents or information it considers subject to discovery, or (ii) object to the production of documents or information it considers not subject to discovery;

    B.    Prejudice in any way the rights of any Party to object to the authenticity or admissibility into evidence of any Discovery Material;

    C.    Operate as an admission by any Party that any particular Discovery Material constitutes Confidential Discovery Material or contains or reflects trade secrets or any other type of confidential information;

    D.    Prejudice in any way the rights of any Party to (i) petition the Court for a further protective order relating to any purportedly Confidential Discovery Material or Highly Confidential Discovery Material, or (ii) seek a determination by the Court whether any Discovery Material or Confidential Discovery Material should be subject to the terms of this Stipulation;

    E.    Prevent any Party from agreeing in writing to alter or waive the provisions or protections provided herein with respect to any particular Discovery Material;

    F.    Prejudice in any way the rights of any Party to object to the relevance, authenticity, use, or admissibility into evidence of any document, testimony, or other evidence subject to this Stipulation and Order;

    G.    Preclude any Party from objecting to discovery that it believes to be otherwise improper; or

    H.    Operate as a waiver of any attorney-client, work product, business strategy, trade secret, or other privilege.

10

Case 7:21-cv-00169-D   Document 67   Filed 03/24/23   Page 10 of 17

16. This Stipulation has no effect upon, and shall not apply to, a Producing Party's use or disclosure of its own Discovery Material for any purpose. Nothing herein shall: (i) prevent a Producing Party from disclosing its own Discovery Material; or (ii) impose any restrictions on the use or disclosure by any person of documents, materials, or information designated as Confidential Discovery Material obtained lawfully by such person independently of the discovery proceedings in this Litigation, and not otherwise subject to confidentiality restrictions.

17. If Discovery Material is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity, the Producing Party will submit an appropriate privilege log to the other Party at the time of producing the Discovery Material.

18. If Discovery Material that is subject to a claim of attorney-client privilege, attorney work product, or any other applicable privilege or immunity or ground on which production of that information should not be made to any Party ("Inadvertent Production Material") is inadvertently produced to that Party or Parties, such inadvertent production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, work product, or other applicable privilege or immunity.

  A. A claim of inadvertent production shall constitute a representation by that Producing Party that the Inadvertent Production Material has been reviewed by an attorney for such Producing Party and that there is a good faith basis for such claim of inadvertent production.

  B. If a claim of inadvertent production is made pursuant to this Stipulation, with respect to Discovery Material then in the custody of another Party, the Party possessing the Inadvertent Production Material shall: (i) refrain from any further examination or disclosure of the claimed

11

Inadvertent Production Material; (ii) if requested, and if no motion is made pursuant to clause (iv) of this paragraph, promptly make a good-faith effort to return the claimed Inadvertent Production Material and all copies thereof (including summaries and excerpts) to counsel for the Producing Party, or destroy all such claimed Inadvertent Production Material (including summaries and excerpts) and all copies thereof, and certify in writing to that fact; and (iii) not use the Inadvertent Production Material for any purpose until further order of the Court, or (iv) within ten (10) days of receiving a claim of inadvertent production, move the Court for a determination as to whether the Discovery Material is subject to the claimed privilege, which the Producing Party shall bear the burden to show.

19. While a motion pursuant to Paragraph 18(B)(iv) is pending, the Discovery Material in question shall be treated as Inadvertent Production Material, and such motion may not assert as a ground for entering such an order the fact or circumstance of the inadvertent production, nor shall such motion include or otherwise disclose, as an attachment, exhibit, or otherwise, the Inadvertent Production Material (or any portion thereof) that is the subject of such motion.

20. Nothing herein shall be deemed to waive any applicable common law or statutory privilege or work product protection.

21. In the event (a) additional parties to this Litigation are allowed to engage in discovery proceedings or (b) additional parties are joined in the Litigation, they shall not have access to Confidential Discovery Material until that party by its counsel has executed and filed with the Court its agreement to be fully bound by this Stipulation.

22. The Parties agree to be bound by the terms of this Stipulation pending the entry by the Court of this Stipulation, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation had been entered by the Court.

23. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Litigation, including, without limitation, any appeals therefrom, except as provided in Paragraph 24.

24. In the event that any Confidential Discovery Material is used in open court during any court proceeding or filed as a trial exhibit, the material shall lose its confidential status and become part of the public record, unless the Producing Party applies for and obtains an order from this Court specifically maintaining the confidential status of particular material. Prior to any court proceeding in which Confidential Discovery Material is to be used, counsel shall confer in good faith on such procedures that may be necessary or advisable to protect the confidentiality of any such Discovery Material.

25. Within 30 days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation, or any other proceeding in which Confidential Discovery Material is permitted to be used, including the exhaustion of all possible appeals, and upon the written request of the Producing Party, all persons having received Confidential Discovery Material shall either (i) make a good-faith and reasonable effort to return such material and all copies thereof (including summaries, excerpts, and derivative works) to counsel for the Producing Party; or (ii) make a good-faith and reasonable effort to destroy all such Confidential Discovery Material, and certify to that fact in writing to counsel for the Producing Party. However, counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and discovery material containing

Confidential Discovery Material), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and discovery material containing Confidential Discovery Material) to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this paragraph.

26. If any person in possession of Confidential Discovery Material (the "Receiver") receives a subpoena or other compulsory process seeking the production or other disclosure of Confidential Discovery Material produced or designated as "Confidential" by a Producing Party other than the Receiver (collectively, a "Demand"), the Receiver shall give written notice (by hand, email, or facsimile transmission) to counsel for the Producing Party within three business days of receipt of such Demand (or if a response to the Demand is due in less than three business days, at least 24 hours prior to the deadline for a response to the Demand), identifying the Confidential Discovery Material sought and enclosing a copy of the Demand, and must object to the production of the Confidential Discovery Material on the grounds of the existence of this Stipulation. The burden of opposing the enforcement of the Demand will fall on the Producing Party. Nothing herein shall be construed as requiring the Receiver or anyone else covered by this Stipulation to challenge or appeal any order requiring production of Confidential Discovery Material covered by this Stipulation, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court or any other court. Compliance by the Receiver with any order directing

production pursuant to a Demand of any Confidential Discovery Material will not constitute a violation of this Stipulation.

27. No Receiver shall reveal any Confidential Discovery Material, or the information contained therein, to anyone not entitled to receive such Confidential Discovery Material under the terms of this Stipulation. In the event that Confidential Discovery Material is disclosed to any person other than in the manner authorized by this Stipulation, or that any information comes to the Receiver's attention that may indicate there was or is likely to be a loss of confidentiality of any Confidential Discovery Material, the Receiver responsible for the disclosure or loss of confidentiality shall immediately inform the Producing Party of all pertinent facts relating to the disclosure or loss of confidentiality, including, if known, the name, address, and employer of each person to whom the disclosure was made. The Receiver responsible for the disclosure or loss of confidentiality shall also make reasonable efforts to prevent disclosure of Confidential Discovery Material by each unauthorized person who receives the information.

28. The Parties agree that the production of any Discovery Material by any non-party shall be subject to and governed by the terms of this Order.

[Signatures to follow]

Respectfully submitted this the 15th day of March 2023.

            **SHIPMAN & WRIGHT, LLP**
            *Attorneys for the Plaintiffs*

      By: *s/ Gary Shipman*
         **GARY K. SHIPMAN**
         N.C. Bar No.: 9464
         Email: gshipman@shipmanlaw.com
         **JAMES T. MOORE**
         N.C. State Bar No.: 38377
         Email: jmoore@shipmanlaw.com
         **THOMAS R. HARVEY, III**
         N.C. State Bar No. 57308
         Email: tharvey@shipmanlaw.com
         575 Military Cutoff Road, Suite 106
         Wilmington, N.C. 28405
         Telephone: (910) 762-1990

         **CRANFILL SUMNER, LLP**
         *Attorneys for the Defendant*

         *s/ Patrick M. Mincey*
         **PATRICK M. MINCEY**
         N.C. State Bar No.: 38372
         Email: pmincey@cshlaw.com
         **VINCE EISINGER**
         N.C. State Bar No.: 57646
         Email: veisinger@cshlaw.com
         **STEPHEN J. BELL**
         N.C. State Bar. No. 44211
         Email: sbell@cshlaw.com
         5535 Currituck Drive, Suite 210
         Wilmington, NC 28403
         Telephone: (910) 777-6000
         Facsimile: (910) 777-6111

Dated: March 24, 2023

            */s/ Robert T. Numbers II*
            Robert T. Numbers, II
            United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CASE NO. 7:21-CV-000169-D

| | |
|---|---|
| ELIZABETH KARANIK, and CHARLOTTE KARANIK, by and through her parents and next friends, JOHN KARANIK and wife, KIMBERLY KARANIK,<br>         Plaintiffs,<br><br>v.<br><br>CAPE FEAR ACADEMY, INC.,<br>         Defendant. | **EXHIBIT A TO STIPULATION AND ORDER GOVERNING THE PRODUCTION AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

      I, _____, have read the Stipulated Order Governing the Production and Exchange of Confidential Information (the "Protective Order") entered in *Karanik, et al v. Cape Fear Academy, Inc.,* Civil Action No. 7:21-CV-00169-D, currently pending in the United States District Court for the Eastern District of North Carolina. I agree to be bound by the Protective Order, and I agree not to disclose information protected by the Protective Order to any person not authorized to receive it. I agree to keep any documents or information provided to me under this undertaking segregated and secure, and I shall refrain from disclosing the information in any manner other than in accordance with the terms of the Protective Order. I further consent to the jurisdiction of the United States District Court for the Eastern District of North Carolina for enforcement of the Protective Order, and I understand that I may be subject contempt or other sanctions for the failure to obey the Protective Order.

      Signed:

                                                              _____
                                                              **(Name)**

                                                              _____
                                                              **(Date)**